UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION
CIVIL ACTION NO. 4:25-CV-00034-HBB

STEVEN P.[1]  PLAINTIFF

VS.

FRANK BISIGNANO,
COMMISSIONER OF SOCIAL SECURITY[2]  DEFENDANT

## MEMORANDUM OPINION AND ORDER

### I.   BACKGROUND

Before the Court is the Complaint (DN 1) of Steven P. ("Plaintiff") seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. § 405(g).  Plaintiff filed an initial brief (DN 12), Defendant filed a brief in response (DN 17), and Plaintiff filed a reply (DN 19).[3]  For the reasons that follow, final decision of the Commissioner is **AFFIRMED**.

Pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, the parties have consented to the undersigned United States Magistrate Judge conducting all further proceedings in this case,

---

[1] Pursuant to General Order 22-05, Plaintiff's name in this matter was shortened to first name and last initial.
[2] Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Frank Bisignano is substituted as the defendant in this suit.
[3] Notably, Plaintiff's reply included a new claim based on a letter, dated December 2, 2025, from the Social Security Administration ("SSA") (DN 19, 19-1).  The letter informs Plaintiff about the Sixth Circuit's holding in *Early v. Comm'r of Soc. Sec.*, 893 F. 929 (6th Cir. 2018) and the *Earley* Acquiescence Ruling (AR 24-1(6)) (DN 19-1).  It extended an offer to conduct an administrative review of Plaintiff's case based on the *Earley* Acquiescence Ruling (AR 24-1(6)) (*Id.*).  The letter advised Plaintiff that he must affirmatively request the SSA conduct such a review (*Id.*).  Plaintiff construed the letter's offer as superseding the Commissioner's briefed arguments before this Court and requiring a remand of the case for a new administrative hearing (DN 19 PageID # 3093).  At the Court's direction (DN 20), the Commissioner filed a sur-reply addressing Plaintiff's new claim (DN 24).  On February 19, 2026, the Court conducted a telephonic conference with counsel for the parties (DN 26).  Plaintiff's counsel asked the Court to conduct a merits review of Plaintiff's claims on appeal because he decided not to request the SSA conduct an administrative review of his case based on the *Earley* Acquiescence Ruling.

including issuance of a memorandum opinion and entry of judgment, with direct review by the Sixth Circuit Court of Appeals in the event an appeal is filed (DN 8). By Order entered June 24, 2025 (DN 9), the parties were notified that oral arguments would not be held unless a written request therefor was filed and granted. No such request was filed.

## II.   FINDINGS OF FACT

On April 25, 2022, Plaintiff protectively filed applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") (Tr. 18, 239-41, 242-48, 249-60). Plaintiff alleged that he became disabled on May 16, 2017, as a result of lower back pain from past surgeries, nerve damage in both legs and feet, COPD, depression and anxiety, arthritis, and high cholesterol (Tr. 102, 111, 124, 131, 270). The application was denied initially on January 3, 2023, and upon reconsideration on May 3, 2023 (Tr. 18, 122, 123, 143, 144). On May 15, 2023, Plaintiff filed a written request for hearing (Tr. 18, 170).

On December 14, 2023, Administrative Law Judge David Peeples ("ALJ") conducted a telephonic hearing (Tr. 18). Plaintiff and his counsel, Samuel Lamar, participated (*Id.*). Lisa Courtney, an impartial vocational expert, testified during the hearing (*Id.*). At the start of the hearing, Plaintiff amended his onset date to May 19, 2017 (Tr. 18, 45).

In a decision dated April 8, 2024, the ALJ evaluated this adult disability claim pursuant to the five-step sequential evaluation process promulgated by the Commissioner (Tr. 18-30). The ALJ noted that December 31, 2018, is Plaintiff's date last insured under the Social Security Act (Tr. 21). At the first step, the ALJ found Plaintiff has not engaged in substantial gainful activity since May 16, 2017, the alleged onset date (*Id.*). At the second step, the ALJ determined that Plaintiff has the following severe impairments: degenerative disc disease, depressive disorder, and

anxiety disorder (*Id.*). The ALJ also determined that Plaintiff has the following non-severe impairments: nerve damage, COPD, arthritis, and high cholesterol (*Id.*). At the third step, the ALJ concluded that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in Appendix 1 (Tr. 21-23).

At step four, the ALJ found that Plaintiff has the residual functional capacity ("RFC") to perform a range of light work because he can never climb ladders, ropes, or scaffolds; he can occasionally climb ramps or stairs; he can occasionally stoop, kneel, crouch, and crawl; he must avoid concentrated exposure to vibrations and pulmonary irritants (such as fumes, odors, dusts, gases, and poor ventilation); he must avoid all exposure to hazards (such as unprotected heights and moving mechanical parts); he can understand and remember simple instructions and procedures; he can sustain attention, concentration, and consistent effort, as well as adequate pace for simple tasks requiring little independent judgment and involving minimal variations (and do so for up to 2-hour segments); he can interact as needed for task completion with supervisors and co-workers (at least once up to 1/3 of the time) but cannot interact with the public; and he can adapt adequately to situational conditions and changes in a routine work setting (Tr. 23). Additionally, at step four, the ALJ determined that since May 16, 2017, Plaintiff has been unable to perform any past relevant work (Tr. 28).

The ALJ proceeded to the fifth step where he considered Plaintiff's RFC, age, education, and past work experience as well as testimony from the vocational expert (Tr. 28-30). The ALJ noted that prior to July 29, 2023, his age category under the regulations was a younger individual (age 18 through 49); but, on that date his age category changed to an individual of advanced age (Tr. 28) (citing 20 C.F.R. §§ 404.1563, 416.963). The ALJ found that prior to July 29, 2023, there

were jobs that existed in significant numbers in the national economy that Plaintiff could have performed (Tr. 29). Additionally, the ALJ relied on Medical-Vocational Rule 202.06 to find beginning on July 29, 2023, the date Plaintiff's age category changed, he is disabled because there are no jobs that exist in significant numbers in the national economy that the Plaintiff could perform (Tr. 30).

The ALJ concluded although Plaintiff was not disabled prior to July 29, 2023, he became disabled on that date and has continued to be disabled through the date of the decision and his disability is expected to last twelve months past the onset date (Tr. 30). Additionally, the ALJ found that Plaintiff was not under a disability within the meaning of the Social Security Act at any time through December 31, 2018, the date last insured (*Id.*).

Plaintiff timely filed a request for the Appeals Council to review the ALJ's decision (Tr. 236). The Appeals Council denied Plaintiff's request for review (Tr. 1-3).

### III. CONCLUSIONS OF LAW

#### A. Standard of Review

Review by the Court is limited to determining whether the findings set forth in the final decision of the Commissioner are supported by "substantial evidence," 42 U.S.C. § 405(g); *Cotton v. Sullivan*, 2 F.3d 692, 695 (6th Cir. 1993); *Wyatt v. Sec'y of Health & Hum. Servs.*, 974 F.2d 680, 683 (6th Cir. 1992), and whether the correct legal standards were applied. *Landsaw v. Sec'y of Health & Hum. Servs.*, 803 F.2d 211, 213 (6th Cir. 1986). "Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way." *Cotton*, 2 F.3d at 695 (quoting *Casey v. Sec'y of Health & Hum. Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993)). In reviewing a case for

substantial evidence, the Court "may not try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility." *Cohen v. Sec'y of Health & Hum. Servs.*, 964 F.2d 524, 528 (6th Cir. 1992) (quoting *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984)).

As previously mentioned, the Appeals Council denied Plaintiff's request for review of the ALJ's decision (Tr. 1-3). At that point, the ALJ's decision became the final decision of the Commissioner. 20 C.F.R. §§ 404.955(b), 404.981, 422.210(a); *see* 42 U.S.C. § 405(h) (finality of the Commissioner's decision). Thus, the Court will be reviewing the ALJ's decision and the evidence that was in the administrative record when the ALJ rendered the decision. 42 U.S.C. § 405(g); 20 C.F.R. § 404.981; *Cline v. Comm'r of Soc. Sec.*, 96 F.3d 146, 148 (6th Cir. 1996); *Cotton*, 2 F.3d at 695-96.

    **B.**    **The Commissioner's Sequential Evaluation Process**

The Social Security Act authorizes payment of DIB and SSI to persons with disabilities. 42 U.S.C. §§ 401 et seq. (Title II DIB), 1381 et seq. (Title XVI SSI). The term "disability" is defined as an

> [I]nability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]

42 U.S.C. § 423(d)(1)(A) (Title II); 42 U.S.C. § 1382c(a)(3)(A) (Title XVI); 20 C.F.R. §§ 404.1505(a), 416.905(a); *Barnhart v. Walton*, 535 U.S. 212, 214 (2002); *Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990).

The Commissioner has promulgated regulations setting forth a five-step sequential evaluation process for evaluating a disability claim. *See* "Evaluation of disability in general," 20 C.F.R. §§ 404.1520, 416.920. In summary, the evaluation proceeds as follows:

    1)    Is the claimant engaged in substantial gainful activity?

    2)    Does the claimant have a medically determinable impairment or combination of impairments that satisfies the duration requirement and significantly limits his or her ability to do basic work activities?

    3)    Does the claimant have an impairment that meets or medically equals the criteria of a listed impairment within Appendix 1?

    4)    Does the claimant have the RFC to return to his or her past relevant work?

    5)    Does the claimant's RFC, age, education, and past work experience allow him or her to perform a significant number of jobs in the national economy?

20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v).  Here, the ALJ denied Plaintiff's claim at the fifth step.

    **C.**    <u>**Plaintiff's Challenges to the ALJ's RFC Findings**</u>

The residual functional capacity ("RFC") determination is the ALJ's ultimate determination of what a claimant can still do despite his or her physical and mental limitations. 20 C.F.R. §§ 404.1545(a), 404.1546(c), 416.945(a), 416.946(c).  The ALJ makes this finding based on a consideration of medical source statements, prior administrative medical findings, and all other evidence in the case record.  20 C.F.R. §§ 404.1529, 404.1545(a)(3), 404.1546(c), 416.929, 416.945(a)(3), 416.946(c).  Here, Plaintiff challenges the ALJ's assessment of two medical opinions and RFC determination (DN 12, 12-1).

    **1.**    *Medical Opinions*

At issue are the ALJ's findings concerning the medical opinions of two consultative examiners, Drs. Nick Kuznezov and John Whitaker (Tr. 1286-95, 1600-09).

a.      **Applicable Law**

Plaintiff cites *Greek v. Colvin*, 802 F.3d 370 (2d Cir. 2015), *Rosa v. Callahan*, 168 F.3d 72 (2d Cir. 1999), and *Hensley v. Astrue,* 573 F.3d 263 (6th Cir. 2009) in support of his position that the ALJ's findings—concerning the medical opinions of Drs. Kuznezov and Whitaker—do not comport with applicable law (Tr. 12-1 PageID # 3065).  These three cases involve assignment of weight to an opinion of a treating physician under 20 C.F.R. §§ 404.1527 and 416.927.  *See Greek*, 802 F.3d at 374-76; *Rosa*, 168 F.3d at 78-82; and *Hensley,* 573 F.3d at 266-67.  But these regulations only apply to claims filed before March 27, 2017.  *See* 20 C.F.R. §§ 404.1527, 416.927.  As Plaintiff filed his applications on April 25, 2022 (Tr. 239-41, 242-48, 249-60), these regulations and the three cases applying them do not pertain to Plaintiff's challenge.

Different rules apply to Plaintiff's challenge because he filed his claims after March 27, 2017.  *See* 20 C.F.R. §§ 404.1520c, 416.920c.  The applicable regulations explicitly indicate "[w]e will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s),"[4] in the record, even if it comes from a treating medical source.  20 C.F.R. §§ 404.1520c(a), 416.920c(a).[5]  Instead, ALJs will now evaluate the "persuasiveness" of medical opinions and prior administrative medical findings by utilizing the five factors listed in paragraphs (c)(1) through (c)(5) of the regulation.  20 C.F.R. §§ 404.1520c(a) and (b), 416.920c(a) and (b).  The five factors are supportability, consistency, relationship with the claimant, specialization, and other factors.  20 C.F.R. §§ 404.1520c(c)(1)-

---

[4] At the initial and reconsideration levels, state agency medical and psychological consultants review the evidence in the case record and make "administrative medical findings." 20 C.F.R. §§ 404.1513a(a)(1), 416.913a(a)(1). ALJs "must consider" the administrative medical findings of non-examining state agency medical or psychological consultants according to the new regulation. 20 C.F.R. §§ 404.1513a(b)(1), 416.913a(b)(1).

[5] The language quoted above indicates that the new regulation has done away with the controlling weight rule in 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2).

(5), 416.920c(c)(1)-(5).[6] Of these five factors, the two most important are supportability and consistency. 20 C.F.R. §§ 404.1520c(a) and (b)(2), 416.920c(a) and (b)(2). Further, the regulation requires ALJs to explain how they considered the supportability and consistency factors in determining the persuasiveness of the medical source's opinion. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). Notably, under the regulations ALJs "may, but are not required to, explain how" they considered the three other factors in determining the persuasiveness of the medical source's opinion.[7] 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2).

### b. Discussion as to Dr. Kuznezov's Opinion

On September 11, 2021, Dr. Kuznezov performed a consultative medical exam in connection with Plaintiff's Workers Compensation claim for a work-related lower back injury on April 1, 2013 (Tr. 1286). He indicated that Plaintiff's diagnoses are multilevel degenerative lumbar spondylosis with bilateral lower extremity radiculopathy, status post multiple lumbar surgeries, the most recent of which involved fusion from L3-S1 (Tr. 1292). The doctor recommended sitting less than 15 minutes, standing less than 20 to 30 minutes, no bending or lifting greater than a gallon of milk (8.6 pounds), and no climbing, tugging, pushing, or pulling (*Id.*). Dr. Kuznezov concluded that Plaintiff had a 51% whole person impairment (Tr. 1294).

The ALJ noted that Dr. Kuznezov conducted the examination on September 11, 2021, nearly three years after Plaintiff's date last insured, December 31, 2018 (Tr. 27). This observation is important because Dr. Kuznezov did not indicate the above-mentioned limitations related back

---

6 In assessing the relationship with the client, consideration should be given to the following: length of the treatment relationship, frequency of examinations, purpose of the treatment relationship, extent of the treatment relationship, and examining relationship. 20 C.F.R. §§ 404.1520c(c)(3)(i)-(v), 416.920c(c)(3)(i)-(v).
7 ALJs will articulate how they considered the other factors in paragraphs (c)(3) through (c)(5) of the regulation when they find that two or more medical opinions about the same issue are both equally well supported and consistent with the record but are not exactly the same. 20 C.F.R. §§ 404.1520c(b)(3), 416.920c(b)(3).

to Plaintiff's condition on or before December 31, 2018 (Tr. 1286-95). Thus, the ALJ implicitly found Dr. Kuznezov's opinion was not relevant to Plaintiff's DIB claim.

The ALJ also noted Dr. Kuznezov's examination occurred several months before Plaintiff filed his SSI application on April 25, 2022 (Tr. 27-28). As SSI benefits are awarded prospectively from the date of filing the SSI application, 20 C.F.R. § 416.335, the ALJ apparently used the date Plaintiff filed his SSI application as the onset date for the SSI case. *See Nicely v. Comm'r of Soc. Sec.*, No. 3:12-CV-00593, 2013 WL 1182223, at *4-5 (N.D. Ohio Mar. 21, 2013) (citing SSR 83-20). Thus, the ALJ implicitly utilized that onset date in assessing the relevance of Dr. Kuznezov's limitations to Plaintiff's SSI claim.

After discussing the diagnoses, physical limitation findings, and whole person impairment findings in Dr. Kuznezov's report, the ALJ performed his persuasiveness assessment (Tr. 28). Specifically, the ALJ indicated:

> This opinion is unpersuasive as it is more limiting than the evidence supports, is in connection with a worker's compensation claim, and is inconsistent with and unsupported by, the claimant's treatment for the Title II claim (Exhibits B1F and B3F) which show conservative treatment, and unsupported by, the evidence available during the Title XVI claim period (Exhibits B5F, B8F-B10F, and B14F-B20F), which show greater abilities.

(*Id.*).

First, contrary to Plaintiff's general assertion (DN 12-1 PageID # 3065), the ALJ did not arbitrarily substitute his own judgment for Dr. Kuznezov's medical opinion. Instead, the ALJ relied on the prior administrative medical findings of Drs. Manire and Gregg, the state agency consulting physicians who reviewed the medical records available on January 1, 2023, and May 3, 2023, respectively (Tr. 27). The ALJ noted that Drs. Manire and Gregg found that Plaintiff was physically limited to performing a range of light work due to his never being able to climb

9

ladders, ropes, or scaffolds; his ability to occasionally climb ramps and stairs; his ability to occasionally stoop, kneel, crouch, and crawl; his need to avoid concentrated exposure to vibrations and pulmonary irritants; and his need to avoid all exposure to hazards (*Id.*). The ALJ determined that the opinions of Drs. Manire and Gregg "are generally persuasive as they are internally consistent with the evidence available at the time they were given" (*Id*). But the ALJ gave Plaintiff the benefit of the doubt when he noted that more recently received evidence—that Drs. Manire and Gregg did not have the opportunity to consider—such as the Plaintiff's new spinal surgery in July 2023 (Tr. 2848-2921), supported the slightly greater limitations included in the RFC (Tr. 27). As the ALJ's imposition of slightly greater limitations in the RFC ultimately benefited Plaintiff, this action does not constitute error. *Nona S. v. O'Malley*, No. 1:23-CV-00135-GNS-HBB, 2024 WL 5003523, at *7 (W.D. Ky. July 19, 2024); *see also Alisha B. v. O'Malley*, No. 3:23-CV-00495-CHB, 2024 WL 4481835, at *17 (W.D. Ky. Aug. 6, 2024), report and recommendation adopted, No. 3:23-CV-495-CHB, 2024 WL 4274876 (W.D. Ky. Sept. 24, 2024) ("An ALJ does not inappropriately substitute his judgment for a physician's opinion by providing a more restrictive RFC than what a State agency physician opined."); *Christina K. v. O'Malley*, No. 1:23-CV-00043-HBB, 2024 WL 270193, at *6 (W.D. Ky. Jan. 24, 2024) (finding that the ALJ "did not inappropriately play doctor but instead weighed the evidence," and in some areas of the RFC "gave Plaintiff the benefit of the doubt by deciding to impose slightly greater limits").

There is no merit to Plaintiff's accusation that the ALJ uniformly declared Dr. Kuznezov's opinion unpersuasive without providing a reasonable basis for doing so (DN 12-1 PageID # 3069). First, the ALJ appears to have found Dr. Kuznezov's opinion is more limiting than what his own

examination revealed (Tr. 28). Next, the ALJ explained that Dr. Kuznezov's opinion is inconsistent with and unsupported by Plaintiff's conservative treatment during the period relevant to the DIB claim (citing Tr. 381-797, 1214-85) and unsupported by the evidence available during the period relevant to the SSI claim (citing Tr. 1296-1549, 1589-99, 1612-59, 1989-3021) which shows greater abilities (Tr. 28). The ALJ's findings comport with applicable law and cite substantial evidence in record supporting his determination that Dr. Kuznezov's opinion is unpersuasive.

Notably, the ALJ indicated that Dr. Kuznezov's opinion is "unpersuasive" because it is made "in connection with a worker's compensation claim" (*Id.*). This comment may refer to Dr. Kuznezov's determination that Plaintiff has "a 51% whole person impairment" (*Id.*). Although such an opinion may be relevant in a workers compensation case, a statement on the issue of disability is reserved for the Commissioner. 20 C.F.R. §§ 404.1520b(c)(3), 416.920b(c)(3). Assuming, for the sake of argument, that the ALJ deemed the opinion unpersuasive because of the context in which it was made (*e.g.*, a worker's compensation proceeding), it would be harmless error because the ALJ provided other sound reasons, supported by substantial evidence in the record, for finding the opinion unpersuasive. In sum, Plaintiff's challenges to the ALJ's findings concerning the persuasiveness of Dr. Kuznezov's opinion are without merit.

        c.      *Discussion as to Dr. Whitaker's Opinion*

On December 10, 2022, Dr. Whitaker performed a consultative medical exam of Plaintiff in connection with his claims for DIB and SSI (Tr. 1600). Dr. Whitaker opined that Plaintiff: is able to sit for approximately 30 minutes; can stand for 30 minutes and then would require rest; is able to walk 3 blocks without rest; does require a cane for ambulation; responds appropriately to

questions and commands; has no deficits in his upper extremities and no restrictions in his upper extremities; and would be limited to picking up and carrying 20 pounds due to his COPD and lower back pathology (Tr. 1602).[8]

The ALJ observed that during Dr. Whitaker's examination Plaintiff did not use an assistive device for ambulation (Tr. 25). The ALJ acknowledged that Dr. Whitaker noted Plaintiff had reduced lumbar and shoulder range of motion (*Id.*). Additionally, the ALJ recognized that Dr. Whitaker reported that Plaintiff has a history of COPD, depression, several back surgeries, neuropathy, anxiety, and high cholesterol (*Id.*). The ALJ then made the following findings:

> This opinion is unpersuasive, as while some limitations are consistent with a light exertional level, some of the duration abilities appear based on the claimant's subjective reporting, being unsupported by the claimant's performance during the physical exam, lack of significant COPD/asthma treatment in the record, and general conservative treatment during the relevant periods. Therefore, this opinion is unpersuasive.

(Tr. 26).

First, contrary to Plaintiff's bare assertion (DN 12-1 PageID # 3065), the ALJ did not arbitrarily substitute his own judgment for Dr. Whitaker's medical opinion. Rather, the ALJ relied on the prior administrative medical findings of Drs. Manire and Gregg, that he found generally persuasive (Tr. 27). But, as explained above, the ALJ gave Plaintiff the benefit of the doubt when he gave due consideration to more recently received evidence such as the Plaintiff's new spinal surgery in July 2023 (Tr. 2848-2921), that supported the slightly greater limitations included in the RFC (Tr. 27).

---

8 The Court notes that Dr. Whitaker did not relate these restrictions back to Plaintiff's condition nearly four years earlier on December 31, 2018, his date last insured.

Next, Plaintiff takes issue with the ALJ's finding that some of the durational abilities in Dr. Whitaker's report appear to be based on Plaintiff's subjective reporting (DN 12-1 PageID # 3066). But Dr. Whitaker's report makes no mention of testing Plaintiff's durational ability to sit, stand, and walk (Tr. 1600-09). Additionally, while Dr. Whitaker's opinion indicates Plaintiff requires a cane for balance while ambulating (Tr. 1602), his report indicates Plaintiff did not have an ambulatory assistive device at the exam (Tr. 1603). Considering the circumstances, the ALJ could reasonably infer that Dr. Whitaker relied on Plaintiff's subjective reporting about his durational ability to sit, stand, and walk. Moreover, in the paragraphs preceding the persuasiveness assessment, the ALJ provided in chronological order a thorough summary of the medical evidence that predated Dr. Whitaker's examination (*see* Tr. 23-25). This summary provides substantial evidence to support the ALJ's findings that there is a lack of significant COPD/asthma treatment in the record, and Plaintiff received general conservative treatment during the relevant periods (*see* Tr. 23-26). In sum, Plaintiff's challenges to the ALJ's findings concerning the persuasiveness of Dr. Whitaker's opinion are without merit.

    2.    RFC

Plaintiff contends that no reasonable person reviewing the evidence of record could reach a conclusion that he retained the ability to perform light work from May 19, 2017, through July 29, 2023 (DN 12-1 PageID # 3070-71). In his reply, Plaintiff asserts the medical evidence of record overwhelmingly demonstrates he was incapable of performing work at any exertional level from May 19, 2017, through the present (DN 19 PageID # 3096).

As previously mentioned, review by the Court is limited to determining whether the findings set forth in the final decision of the Commissioner are supported by "substantial

evidence[.]" 42 U.S.C. § 405(g); *Cotton v. Sullivan*, 2 F.3d 692, 695 (6th Cir. 1993); *Wyatt v. Sec'y of Health & Hum. Servs.*, 974 F.2d 680, 683 (6th Cir. 1992). The Sixth Circuit has indicated, "substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Bogle v. Sullivan*, 998 F.2d 342, 346-47 (6th Cir. 1993) (citation modified). In assessing whether the ALJ's factual findings are supported by substantial evidence, the Court must "examine the evidence in the record 'taken as a whole.'" *Id.* at 347 (citation modified) (quoting *Allen v. Califano*, 613 F.2d 139, 145 (6th Cir. 1980)). In doing so, the Court "must take into account whatever in the record fairly detracts from its weight." *Id.* (citation modified) (quoting *Beavers v. Sec'y of Health, Educ. & Welfare*, 577 F.2d 383, 387 (6th Cir. 1987)). If the ALJ's factual findings are supported by substantial evidence, the "determination must stand regardless of whether the reviewing court would resolve the issues of fact in dispute differently." *Id.* (quoting *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983) (per curiam)).

Here, the ALJ found Plaintiff has the RFC to perform less than a full range of light work due to postural, environmental, and mental limitations (Tr. 23). In the discussion that follows, the ALJ addressed the evidence in the record concerning Plaintiff's physical and mental impairments, including his multiple back surgeries, and concluded that the medical evidence does not support the severity alleged by Plaintiff (Tr. 23-28). In making his findings, the ALJ determined that the prior administrative medical findings of Drs. Manire and Gregg are generally persuasive concerning Plaintiff's physical RFC (Tr. 27). But the ALJ gave Plaintiff the benefit of the doubt when he gave due consideration to more recently received evidence such as the Plaintiff's new spinal surgery in July 2023 (Tr. 2848-2921), that supported the slightly greater limitations included

in the RFC (Tr. 27). Moreover, for the reasons set forth above, Plaintiff's substantial evidence challenges to the physical RFC findings—based on the medical opinions of Drs. Kuznezov and Whitaker—are misplaced. Contrary to Plaintiff's general assertion, substantial evidence in the record supports the ALJ's RFC findings.

Equally important, the ALJ found Plaintiff became disabled on July 29, 2023, not because of a change in Plaintiff's RFC. Rather, it was due to a change in Plaintiff's age category. Specifically, the ALJ found beginning on July 29, 2023, Plaintiff was classified as a person of advanced age, and this change when considered along with Plaintiff's education, work experience, and RFC resulted in a finding of "disabled" under Medical-Vocational Rule 202.06 (Tr. 28-30) (citing 20 C.F.R. §§ 404.1563, 416.963).

## IV.    CONCLUSION

As the Court noted previously, "[a]s long as substantial evidence supports the Commissioner's decision, we must defer to it, even if there is substantial evidence in the record that would have supported an opposite conclusion . . ." *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004) (citation modified). Regardless of how this Court may view the evidence, it is not this Court's place to re-try or re-evaluate the findings of the ALJ. 42 U.S.C. § 405(g). Rather, this Court is only to find if substantial evidence exists to support the ALJ's decision and if the ALJ followed the applicable law. *Id.* After reviewing the record, the Court concludes that the ALJ's determination is supported by substantial evidence in the record and correctly followed the applicable law. Therefore, Plaintiff is not entitled to relief with regard to his challenge.

## V. ORDER

**IT IS HEREBY ORDERED** that the final decision of the Commissioner is **AFFIRMED**.

March 5, 2026

H. Brent Brennenstuhl
United States Magistrate Judge

Copies:   Counsel